IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BISHME AYERS, : No. 3:24cv1184
:
        Plaintiff : (Judge Munley)
:
v. :
:
WARDEN OF LCCF, et al., :
:
        Defendants :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Bishme Ayers ("Ayers"), an inmate housed at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights in connection with the presence of a video camera in his cell. (Doc. 1). Named as defendants are the Luzerne County Correctional Facility ("LCCF"), the Warden of LCCF, and the Deputy Warden of LCCF. (Id.).

An initial screening of the complaint has been conducted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and, for the reasons set forth below, the court will dismiss the complaint pursuant to § 1915(e)(2)(B)(ii), (iii).

I. **Legal Standard**

Under 28 U.S.C. § 1915A, federal district courts must "review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This initial screening is to be done as soon as practicable and need not await service of process. See id. If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that...the action or appeal...fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title...by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(internal quotations omitted); Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

At this early stage of the litigation, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). Because Ayers proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## II. **Ayers' Complaint**

Ayers alleges that a video camera is installed in his cell and his "movements are watched 24/7." (Doc. 1, at 2). He asserts that the recording of inmates is degrading and a violation of his privacy rights. (Id. at 2-3). For relief, Ayers requests $10 million. (Id. at 3).

## III. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

3

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

## A. LCCF is not Amenable to Suit under § 1983

Ayers filed this § 1983 action against the Luzerne County Correctional Facility, and its Warden and Deputy Warden. (Doc. 1). However, as stated, section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. See 42 U.S.C. § 1983. It is well-settled that a prison or correctional facility is not a "person" within the meaning of § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). The Luzerne County Correctional Facility is not a proper defendant in this case.

## B. Liability under § 1983

To establish personal liability against a defendant in a section 1983 action, the defendant must have personal involvement in the alleged wrongs; liability

4

cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207.

Ayers' claims based on the conditions of his confinement LCCF against the Warden and Deputy Warden fail because he simply has not alleged any basis for concluding that they were personally involved in the alleged constitutional violations. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In addition, to the extent that Ayers attempts to bring claims against the Warden and Deputy Warden in their individual capacities based on their supervisory roles, he has failed to allege a plausible claim for relief.

As stated, Ayers may not assert a claim against the Warden and Deputy Warden based merely on allegations that they supervised individuals at LCCF because liability under section 1983 cannot be predicated on a *respondeat superior* basis. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 227 (3d

Cir. 2015) ("[Plaintiff] cannot predicate liability on her § 1983 claims on a *respondeat superior* basis." (citing Rode, 845 F.2d at 1207)). Instead, if Ayers seeks to hold a supervisor liable for unconstitutional acts by subordinates, his allegations must satisfy one of two theories of supervisory liability: first, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm[;]" and second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. *ex rel.* J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted).

Ayers has only set forth generalized allegations in his complaint. Any purported supervisory liability claim fails because he has not pled sufficient factual allegations to establish any underlying constitutional violation.[1] See Camp v. Brennan, 54 F. App'x 78, 81-82 (3d Cir. 2002) (nonprecedential) (holding that "because [the inmate] has not proven misconduct by subordinate prison officials, he necessarily cannot establish [a] supervisory liability [claim]").

---

[1] The discussion below shows that Ayers' allegations do not establish a constitutional violation.

6

Even presuming that his factual allegations could be liberally construed to support constitutional claims, Ayers has not plausibly alleged a claim of supervisory liability against the Warden and Deputy Warden. He has not pleaded a municipal policy or custom with respect to the alleged constitutional violations, that such policy or custom caused the constitutional violation, or municipal failures amounting to a constitutional violation. Instead, Ayers appears to name the Warden and Deputy as defendants merely based on their supervisory roles, which is not a proper basis for a section 1983 claim against them.

### C.  Fourth Amendment

The Fourth Amendment's proscription against unreasonable searches does not apply to a prisoner's cell or to prisoner's property. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) (holding that an inmate has no reasonable expectation of privacy in his prison cell entitling him to the protections of the Fourth Amendment). Further, inmates retain only a "limited right to bodily privacy" under the Fourth Amendment. Covino v. Patrissi, 967 F.2d 73, 78 (2d Cir. 1992). To the extent that Ayers is raising a Fourth Amendment claim regarding the possibility of the video camera revealing him in the nude and on a continuous basis, such actions must be considered under the Eighth Amendment; extending a Fourth Amendment remedy is unwarranted. See Perez v. Hewitt, Civ. No. 04-

10112, 2008 WL 780628, *3 (S.D.N.Y. March 24, 2008) (quoting Hudson, 468 U.S. at 530) ("Our holding that respondent does not have a reasonable expectation of privacy enabling him to invoke the protections of the Fourth Amendment does not mean that he is without a remedy....The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.'"). Thus, even if the Warden or Deputy Warden ordered the installation of the camera—which is not alleged—Ayers' allegations are insufficient to state a claim for violation of his privacy rights under the Fourth Amendment.

### D.  Eighth Amendment

The Eighth Amendment protects individuals against the infliction of cruel and unusual punishments. This protection guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson, 468 U.S. at 526-27).

Notwithstanding, not every injury raises constitutional concerns. A prison official violates the Eighth Amendment only when two requirements are met. The inmate must show that: (1) he suffered a risk of "serious" harm; and (2) prison

officials showed "deliberate indifference" to such risk. <u>Farmer</u>, 511 U.S. at 834. The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." <u>Id.</u> In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993). As to the second requirement, deliberate indifference, the inmate must show that the prison official had a sufficiently culpable state of mind. <u>Farmer</u>, 511 U.S. at 834.

Ayers' allegations do not show that he was deprived of any basic human need such as food, clothing, shelter, sanitation, medical care, or personal safety. Nor do they show that the Warden or Deputy Warden acted, if at all, with deliberate indifference. While it may be that the cameras in the prison are always on, it does not necessarily follow that Ayers is being viewed 24/7. The constitution does not mandate comfortable prisons. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981). A prison that houses "persons convicted of serious crimes, cannot be free of discomfort." <u>Id.</u> Ayers' allegations, construed in the

9

broadest possible sense, do not rise to the level of an Eighth Amendment violation.

### IV. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002).  The court concludes that granting Ayers leave to amend would be futile as the complained of deprivation simply does not rise to the level of a constitutional violation.

### V. Conclusion

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).  An appropriate order shall issue.

Date: July 22, 2024

JUDGE JULIA K. MUNLEY
United States District Court